IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOANNA DYKES, et al.,

      Plaintiffs,

vs.                               CASE NO. 4:11cv116/RS-WCS

ELIZABETH DUDEK in her
official capacity as Secretary of the
Florida Agency for Health Care
Administration, et al.,

      Defendants.

_____

### ORDER

Before me are the Governor's Motion to Dismiss (Doc. 46), and Plaintiffs' Response in Opposition (Doc. 51). Plaintiffs have not filed an amended response even though they were granted leave to do so (*See* Doc. 55).

### Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual

allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## Analysis

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The Amendment's protections extend to state officials where the suit is in fact a suit against a state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-102 (1984).

There are several exceptions to Eleventh Amendment immunity. First, a state may consent to being sued. Florida has not consented to suit in this case. *See* Fla. Stat. § 768.28(18). Second, Congress may abrogate the states' sovereign immunity by "unequivocally express[ing]" its intent to do so. Plaintiffs do not assert that Congress has waived Florida's immunity. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that Congress did not intend Section 1983 to override state immunity). Here, the real dispute is over the third exception to Eleventh Amendment immunity; that established by *Ex parte Young*, 209 U.S. 123 (1908).

The *Ex Parte Young* exception to the Eleventh Amendment allows a federal court to grant prospective relief against state officials in order to vindicate federal rights. *Armstead v. Coler*, 914 F.2d 1464, 1467 (11th Cir. 1990) (*citing Ex Parte Young*, 209 U.S. 123). The Eleventh Circuit has "interpreted *Ex Parte Young* to permit suits against state officers only when those officers are 'responsible for' a challenged action and have

'some connection' to the unconstitutional act at issue.  *Women's Emergency Network v. Bush*, 323 F.3d 937, 949-950 (11th Cir. 2003) (*citing Luckey v. Harris*, 860 F.2d 1012, 1015-16 (11th Cir. 1988)).  Where the enforcement of a state statute is the responsibility of parties other than the governor, the governor's general executive power is insufficient to confer jurisdiction under *Ex Parte Young*.  *Id.*

Here, the Governor asserts that he is an improper party because the Governor merely has "'supervisory power' over the state agencies' enforcement of the challenged programs, their directors, and their rulemaking."  (Doc. 46, p. 6).  Plaintiffs acknowledge that Defendant Elizabeth Dudek, the Secretary of Florida's Agency for Health Care Administration, is "responsible for administering Florida's Medicaid Program."  (Doc. 30, ¶ 91).  They also acknowledge that Defendant Brian Vaughan, the Interim Director of Florida's Agency for Persons with Disabilities, is "responsible for providing all services to persons with developmental disabilities."  *Id*.  However, Plaintiffs also allege that the Governor is a proper party.

Plaintiffs rely on the Governor's issuance of Executive Order 11-72.  Plaintiffs allege that the Executive Order prohibits Defendants Vaughan and Dudek from proposing, repealing, or making changes to administrative rules without first obtaining approval of the Governor though his designee, the Office of Fiscal Accountability and Regulatory Reform ("OFARR").

The Florida Supreme Court has recently considered Executive Order 11-72.

> The Legislature retains the sole right to delegate
> rulemaking authority to agencies, and all provisions in . . .
> Executive Order 11-72 that operate to suspend rulemaking

>contrary to the APA constitute an encroachment upon a legislative function. . . We trust that any provision in Executive Order 11-72 suspending agency compliance with the APA, i.e., rulemaking, will not be enforced against an agency at this time, and until such time as the Florida Legislature may amend the APA or otherwise delegate such rulemaking authority to the Executive Office of the Governor.
>
>*Whiley v. Scott*, 2011 Fla. LEXIS 1900, 37-38 (Fla. Aug. 16, 2011).

Because Executive Order 11-72 is no longer in effect, the Governor's responsibility over the agencies in question amounts to general executive power which is not sufficient to permit jurisdiction over him.  The Governor's other actions including investigating and reviewing rules are part of his normal functions of administration.  The Governor is entitled to Eleventh Amendment immunity.  He is therefore **dismissed with prejudice**.[1]

**ORDERED** on September 19, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**

---

[1] *Whiley* is not final until the time expires to file and consider a rehearing motion.  Should such a motion be granted by the Florida Supreme Court, I will revisit this decision.