IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOANNA DYKES, et al.,

        Plaintiffs,

vs.                            CASE NO. 4:11cv116/RS-WCS

ELIZABETH DUDEK in her
official capacity as Secretary of the
Florida Agency for Health Care
Administration, et al.,

        Defendants.
_____

## ORDER

Before me are the Defendants' Motion to Dismiss for Lack of Standing (Doc. 64)

and Plaintiffs' Response in opposition (Doc. 70).

### Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of claims

for "lack of subject-matter jurisdiction." *See* FED. R. CIV. P. 12(b)(1).  A motion to

dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to

jurisdiction.  *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009)

(citations omitted).  A factual attack challenges the existence of subject matter

jurisdiction in fact, irrespective of the pleadings.   Matters outside the pleadings, such as

testimony and affidavits, are considered.  *Id.*   In a facial attack, on the other hand, the

court examines whether the complaint has sufficiently alleged subject-matter jurisdiction

and construes the complaint in the light most favorable to Plaintiffs and accepts all facts alleged in the complaint as true.  *Id*; *Trimble v. United States Soc. Sec.*, 2010 U.S. App. LEXIS 4811, at *8 (11th Cir. 2010).

## Background

This is a purported class action by individuals with developmental disabilities who are eligible to receive Medicaid.  (Doc. 30, ¶ 1).  Plaintiffs receive care in one of two settings: in intermediate care facilities for the developmentally disabled ("ICF/DD") or in the community under Florida's Home and Community Based Services Waiver program ("DD Waiver").  Plaintiffs contend that Defendants have a lengthy waitlist for the DD Waiver program.  The waiting period may exceed more than five years in some cases.  *Id*. at 2-3.  Plaintiffs also contend that Defendants have limited the funding for the DD Waiver program which results in a portion of institutionalized patients never being enrolled.  Plaintiffs allege that Defendants' management of the DD Waiver program violates the reasonable promptness provisions of the Social Security Act ("SSA"), 42 U.S.C. § 1396a(a)(8), violates the "Freedom of Choice" provisions of the SSA, 42 U.S.C. § 1915(c)(2), as amended, 42 U.S.C. § 1396n(c)(2), violates the Americans with Disabilities Act and the Rehabilitation Act, 42 U.S.C § 12101 *et seq*, 29 U.S.C §794, and is a violation of Plaintiffs Due Process rights under the Fourteenth Amendment.

**Analysis**

Article III of the United States Constitution limits the role of the federal judiciary to resolving cases and controversies.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-560, 112 S. Ct. 2130, 2136 (1992).  Standing is a core component of this Article III requirement that must be established by litigants before a court may exercise jurisdiction over their claims.  *Id*. at 560, 112 S. Ct. at 2136.  The doctrine of standing requires (1) that Plaintiff must have suffered an injury-in-fact; (2) that there must be a causal connection between the injury and the conduct complained of; and (3) that it must be likely, as opposed to merely speculative that the injury will be redressed by a favorable decision.  *Id.* at 560-561, 112 S. Ct. at 2136.  In order for this court to have jurisdiction over the claims, at least one named plaintiff must have standing for each of the claims. *Rumsfeld v. Forum for Academic & Institutional Rights, Inc*., 547 U.S. 47, 53, n2 (2006) ("The presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.").

To support standing, general factual allegations of injury resulting from the Defendants' conduct may suffice at the pleading stage.  On a motion to dismiss, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim."  *Lujan*, at 561, 112 S. Ct. at 2137.

Here, Defendants claim that several of the plaintiffs lack standing because they have not suffered an injury-in-fact.  The "community plaintiffs," Ms. Congden, Ms. Pivinski, Mr. Woodward, and Ms. Ferraro, reside in their communities and are not institutionalized.  Defendants claim that the "possibility of institutionalization" is not

sufficient to confer standing.  (Do c. 64, p.3).  Defendants are correct that the injury-in-fact must be both "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist*., 647 F.3d 1296 (11th Cir. 2011) (citation omitted).   The community plaintiffs' injuries are arguably more hypothetical than those plaintiffs who are institutionalized.   However, because those non-community plaintiffs have standing, the fate of the community plaintiffs is better suited for a later stage--the class certification process.

The Motion to Dismiss (Doc. 64) is **DENIED**.


**ORDERED** on October 3, 2011.


/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**